IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CDC-LCGH, LLC,

    Plaintiff,

v.                               CIVIL NO.: WDQ-06-2235

MAYOR AND CITY COUNCIL OF
BALTIMORE,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

CDC-LCGH, LLC ("CDC"), has sued the Mayor and City Council of Baltimore (the "City") for breach of contract, unjust enrichment, promissory estoppel, fraud in the inducement, fraud by concealment, and negligent misrepresentation. Pending are CDC's motions: (1) to revise the Court's April 23, 2007 Order denying reconsideration of the Court's January 29, 2007 Order dismissing CDC's breach-of-contract claim (Paper No. 29); (2) for leave to file a second amended complaint (Paper No. 28); and (3) to stay discovery or, in the alternative to extend the expert-designation deadline (Paper No. 30). For the following reasons, the motions will be denied.

1

I. Background

The relevant background is described in the Court's January 29, 2006 Memorandum Opinion (Paper No. 13).

II. Motion to Revise the Court's Order

Count I of CDC's Amended Complaint (Paper No. 4) claims that the City breached its August 21, 2002 lease with CDC for the company's use of the Gatehouse, an historic City-owned building located at 2803 St. Lo Drive in Baltimore City's Clifton Park.

On October 24, 2006, the City moved to dismiss the Amended Complaint, arguing that CDC failed to state a claim upon which relief can be granted. Paper No. 6. For the reasons discussed in the accompanying Memorandum Opinion, the Court's January 29, 2007 Order granted the City's motion to dismiss Count I for failure to state a claim under Rule 12(b)(6), but denied the motion on CDC's remaining counts. Papers No. 13, 14.

On February 8, 2007, CDC moved for reconsideration of the Court's January 29, 2007 Order, arguing, *inter alia*, that the City breached a warranty that the intended office use of the Gatehouse was appropriate under the City's Zoning Code. Paper No. 15.

For the reasons discussed in the accompanying Memorandum

2

Opinion, the Court's April 23, 2007 Order denied CDC's motion for reconsideration. Papers No. 24, 25.

CDC now moves for the Court to revise its April 23, 2007 Order and reinstate Count I, arguing that the Court erred in concluding that § 2-505(b) of the City's Zoning Code does not provide a presumptive warranty for intended uses.

II.A.  Standard of Review

CDC moves for the Court's revision under Federal Rule of Civil Procedure ("Rule") 54(b), which provides that interlocutory orders are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). Rule 54(b) is considered a proper procedural vehicle for bringing motions to reconsider interlocutory orders. *Fayetteville v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir.1991). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) (unpublished decision).

3

II.B. Analysis

II.B.1. Procedure

CDC argues that the Court should revise its order denying reconsideration of its dismissal of Count I because the decision was clearly erroneous and works a manifest injustice. CDC contests, for the second time, the Court's conclusion that the Zoning Code's presumptive warranty provision in § 2-505(b) does not apply to intended uses. CDC now asserts that the Zoning Code's rule of construction for the word "used" in § 1-218 applies to the language of § 2-505(b), and § 2-505(b) so construed provides a presumptive warranty that intended uses are compliant with the Zoning Code.

CDC's motion to revise is thus a patent second attempt to revive its breach-of-contract claim using a previously available legal theory. Such a piecemeal approach to motions practice is harmful to the efficient administration of justice, and is thus discouraged. *See Potter v. Potter*, 199 F.R.D. 550, 552-53 (D. Md. 2001) (discussing reasons for preventing a party "unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it").

However, because the error in CDC's construction of § 2-505 is readily transparent, the Court can address it briefly and will deny the motion on its merits.

4

II.B.2.  Substance

Section 2-505(b) provides that a person who fails to provide a transfer certificate to a transferee of an interest in or right to real property under § 2-503 "is conclusively presumed to have represented and warranted that the property involved in the transaction *is being used* in compliance with [the Zoning Code] at and immediately preceding the time the agreement of sale or instrument of conveyance is executed." Zoning Code of Balt. City § 2-505(b) (November 20, 2006) (emphasis added).

Section 1-218 provides that "[w]henever the word "used" or "occupied" is used, it is to be construed as though followed by the phrase "or arranged, intended, or designed to be used/occupied." Zoning Code of Balt. City § 1-218.  Thus, CDC contends, § 2-505(b) provides a presumptive warranty for intended uses.

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature." *Mayor and Town Council of Oakland v. Mayor and Town Council of Mountain Lake Park*, 392 Md. 301, 316 (2006).  "If the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, [the court] will give effect to the statute as it is written."

5

*Jones v. State*, 336 Md. 255, 261 (1994). The court must "avoid a construction of the statute that is unreasonable, illogical, or inconsistent with common sense." *Blake v. State*, 395 Md. 213, 224 (2006).

CDC's proposed construction of § 2-505(b) would provide a presumptive warranty "that the property . . . is being used or arranged, intended, or designed to be used in compliance with the Zoning Code at and immediately preceding the time the agreement of sale or instrument of conveyance is executed." Assuming, *arguendo*, that such an awkward construction of § 2-505(b) was intended, it would not create a presumptive warranty that the property's intended uses are in compliance with the Zoning Code; at most, it might provide a warranty that a property "is intended to be used in compliance with the Zoning Code." Such a warranty would only be breached if the property was *not* intended to be used in compliance with the Zoning Code at or before the time of transfer, an absurd contention which CDC does not allege.

As there is thus no provision in § 2-505 for intended use that would support CDC's breach-of-contract claim, CDC fails to show that the Court's order denying reconsideration of its dismissal of Count I was erroneous or manifestly unjust. Accordingly, CDC's motion to revise will be denied.

6

III. Motion for Leave to File a Second Amended Complaint

Under Rule 15(a), after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted). A proposed amendment to a complaint is futile if it would not withstand a motion to dismiss under Rule 12(b)(6). *Classen Immunotherapies, Inc., v. King Pharmaceuticals, Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005); *see also Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995).

CDC seeks leave to amend to add allegations in support of its breach-of-contract claim, provided that the Court grants its motion to revise and reinstates Count I. As the motion to revise will be denied, the motion for leave to amend will be denied as futile.

7

IV. Motion to Stay Discovery or Extend Discovery Deadlines

CDC's motion asks the Court to stay discovery pending consideration of its motion to revise in order to avoid "an inefficient use of the parties' resources." Pl.'s Mem. in Supp. of Pl.'s Mot. to Stay ¶ 3. CDC bears the responsibility for any prejudice it may have inflicted upon itself pending the Court's consideration of its second meritless motion for reconsideration. Accordingly, the motion to stay discovery will be denied.

In the alternative, CDC seeks to extend the Court's deadline for designating expert witnesses from June 22 to June 27, 2007, in order to allow two of its potential trial experts additional time to provide their reports.

Under Rule 16(b), "[a] schedule shall not be modified except upon showing of good cause and by leave of the district judge." Although "the requirements of the pretrial order are not set in stone, . . . the terms of the order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 954-55 (4th Cir. 1984) (quoting Fed. R. Civ. P. 1). To show good cause, the moving party must demonstrate its diligence in trying to meet the order's

8

requirements. *E.g. Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Odyssey Travel Center, Inc. v. R.O. Cruises, Inc.*, 262 F. Supp 2d 618, 632 (D. Md. 2003).

CDC fails to explain why it has been unable to obtain its experts' reports in a timely fashion, or otherwise demonstrate its diligence in trying to meet the Court's expert-designation deadline. Accordingly, its alternative motion to extend discovery will be denied.

V. Conclusion

For the reasons stated above, CDC's motions to revise, for leave to amend, and to stay or extend discovery will be denied.

_____
7/19/07
Date

_____
William D. Quarles, Jr.
United States District Judge

9